IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEON BANKS,

              Plaintiff,              OPINION AND ORDER

v.

                                              19-cv-793-wmc

MSDF WARDEN STEVEN
JOHNSON and
DOE DEFENDANTS,

              Defendants.

---

    *Pro se* plaintiff Leon Banks, who was previously incarcerated by the Wisconsin Department of Corrections, is proceeding in this lawsuit pursuant to 42 U.S.C. § 1983, on his claims that his constitutional rights were violated while he was incarcerated at the Milwaukee Secure Detention Facility ("MSDF"). The court previously denied defendant Johnson's motion to dismiss or transfer, finding that it was not apparent that venue is improper in this district. (Dkt. #16.) However, the court further observed that venue not only would be proper in the Eastern District of Wisconsin, but that that forum would be much more convenient, given that Banks and likely witnesses appear to reside in the Milwaukee area. Since Banks had not responded to defendants' motion to transfer or dismiss, the court directed Banks to notify the court whether he remained interested in litigating this case and whether he opposed a transfer to the Eastern District of Wisconsin. When Banks did not respond to that order as directed, the court dismissed this case for Banks' failure to prosecute.

    Yet this court recently reopened this case after Banks notified the court that he remains interested in litigating this case and that he failed to respond to defendants'

motion to dismiss or transfer because he had not received court filings. (Dkt. #24.) The court therefore asked Banks to inform the court whether he would oppose transfer of this lawsuit to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a). Banks has responded, indicating that he opposes transfer, but he does not explain why he has taken that position. (Dkt. #27.) Banks further asks that the court recruit counsel for him. (Dkt. #26.) Despite his stated opposition, the court is transferring this case because the Eastern District of Wisconsin is a far more convenient forum for this lawsuit than this district court. Additionally, the court is denying Banks' motion for assistance in recruiting counsel without prejudice, as well as his recently filed "motion of imminent danger lawsuit."

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue of this case would have been proper in the Eastern District of Wisconsin, since the events comprising his claims occurred at MSDF, which lies in the Eastern District of Wisconsin. The convenience inquiry focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Since Banks appears to reside in Milwaukee and it appears that the witnesses and at least two of the parties likewise reside in the Eastern District, a trial in that district court is more convenient. Banks does not explain why he opposes the transfer of this lawsuit, and the court is unable to discern why it would be more convenient for him to litigate this case in this court.

As for the interest of justice, this inquiry "relates to the efficient administration of

the court system," in particular focusing on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Id.* at 978. This factor is neutral or weighs slightly in favor of transfer, since the community served by the Eastern District of Wisconsin may have a greater interest in resolving claims involving conditions of confinement at MSDF. Therefore, the court concludes that transfer of this case to the Eastern District of Wisconsin is warranted under § 1404(a)

Additionally, the court is denying Banks' motion for assistance in recruiting counsel without prejudice. Civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g.*, *Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). The court may, however, use its discretion to determine whether to help recruit counsel to assist an eligible plaintiff who proceeds under the federal in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*."). Banks is proceeding in forma pauperis, so he's eligible for recruitment of counsel.

Before deciding whether to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Banks had not indicated that he has attempted to contact any attorneys. Therefore, the court is denying Banks' motion for his failure to meet this threshold requirement, but the denial will be without prejudice

to his ability to renew it in the Eastern District of Wisconsin.

In renewing his motion, in addition to showing his efforts to retain counsel on his own, Banks should be aware that to grant his request, the court must be persuaded that "the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Banks should do his best to describe in detail the challenges litigating this case presents for him, as clearly and precisely as possible.

Finally, on January 6, 2022, Banks filed a motion representing that he is facing imminent danger because he is being held in a cell for 23 hours a day and not receiving medical attention. He specifically asks that the court direct his transfer to the Wisconsin Resource Center ("WRC"). However, this lawsuit is about discrete events related to his medical care that occurred in April of 2018, and Banks does not suggest that his current conditions of confinement are at all related to the claims upon which he is proceeding. Indeed, it appears that Banks currently is being held at the Milwaukee County Jail, not MSDF, where the events forming this case occurred. Accordingly, this motion will be denied. If Banks believes that his current conditions of his confinement are violating his constitutional rights, he should exhaust the administrative remedies available to him at his current facility, and then, if he still believes that court intervention is necessary, he may file a separate lawsuit in federal court.

4

ORDER

IT IS ORDERED that:

1) Plaintiff Leon Banks' motion for assistance in recruiting counsel (dkt. #26) is DENIED without prejudice.

2) Plaintiff's motion for imminent danger lawsuit (dkt. #28) is DENIED.

3) Plaintiff's motion opposing transfer of this lawsuit (dkt. #27) is DENIED.

4) Pursuant to 28 U.S.C. § 1404(a), this case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 12th day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge